**BARSANTI v. ACHESON, Secretary
of State.**

Civ. No. 50–476.

United States District Court,
D. Massachusetts.

March 28, 1952.

1012

Cornelius T. Scanlon, Boston, Mass., for plaintiff.

George F. Garrity, U. S. Atty., Philip T. Jones, Asst. U. S. Atty., Boston, Mass., for defendant.

SWEENEY, Chief Judge.

In this action the plaintiff seeks to compel the defendant to issue a Certificate of Identity to permit him to enter the United States, and further seeks a declaratory judgment that he is a citizen and national of the United States.

Findings of Fact

A Stipulation of Facts has been filed by the parties and the case has been submitted on that stipulation. The Court accepts the stipulation as its findings of fact: It shows that the plaintiff became a naturalized citizen of the United States on September 28, 1917, that he enlisted in the Army of the United States on June 20, 1918 and was honorably discharged on January 2, 1919. Shortly thereafter and in the same year the plaintiff returned to Italy to take over a business in the town of Borgo a Mazzano. He became a member of the Fascist Party in 1923, was active therein and remained a member until the overthrow of Benito Mussolini in 1945. He was decorated by the Fascist Party, receiving the decoration of Sciarpa Littoria.

Under the law of Italy this man lost his Italian citizenship when he acquired citizenship in the United States in 1917. By Article 9 of the Italian Nationality Law of June 13, 1912 he reacquired Italian citizenship "after two years of residence in the Kingdom, if the loss of citizenship has been due to the acquisition of foreign citizenship", but in order to make his Italian citizenship effective there must under the law be some act evidencing an intention to reacquire Italian citizenship. I can think of no better way, other than an oral declaration, to evidence an intention to acquire national citizenship on the part of this plaintiff than joining the Fascist Party in the days of its infancy when its avowed purpose was to install and maintain itself permanently as the Government of Italy. While the plaintiff has testified that he never voted in a political election in Italy and accepting this as true, it nevertheless does not determine the question of citizenship. Citizenship is generally a prerequisite to the right to vote but does not carry the compulsion to vote.

Conclusions of Law

From the foregoing and on the facts appearing in the Stipulation of Facts I conclude and rule that this plaintiff reacquired Italian citizenship under the Italian Nationality Law of June 13, 1912 and thereby lost his citizenship in the United States.